UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KEITH L. CALVIN,

    Petitioner,

v.                                        CASE NO: 5:11-CV-462-Oc-30PRL

SECRETARY, DEPARTMENT OF
CORRECTIONS and FLORIDA
ATTORNEY GENERAL,

    Respondents.
_____/

## ORDER

Petitioner, Keith L. Calvin, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondents' Response (Dkt. #14) and Calvin's Reply (Dkt. #20). Upon review, the Court determines that the petition is due to be dismissed as time barred. Had it not been time barred, it would have failed either on the merits or for procedural default.

## BACKGROUND

The facts contained in this background section are taken from Calvin's Motion to Dismiss and subsequent brief on direct appeal. On September 25, 1992, Calvin brought 20 year old Gladys Mosley to the Monroe Regional Medical Center in Ocala, Florida, with gun shot wounds to her neck and forearm. He said the two of them had been walking down State

Road 326 when he heard a loud noise. He pulled Mosley into some bushes off the side of the highway and saw that she was not moving. He knew that she was seriously injured, so he ran home, got his car, collected his mother and daughter, drove back to the scene, put Mosley in the car, and drove to the hospital. He did all of this in spite of the fact that a convenience store with a pay phone was open across the street from where he claimed the shooting took place.

Later, after law enforcement arrived at the hospital, Calvin's hands were tested for gun shot residue. The results were negative. Law enforcement then had Calvin take them to the scene where he said the shooting took place. There, they found no evidence of a disturbance -- no blood, footprints or disturbed vegetation. There was standing water in places which indicated to the officer that no one had walked down the trail because he or she would have had to get off the road and into the woods just to get through the water. The detective did not believe the shooting occurred as described by Calvin.

Calvin was charged with giving false information to law enforcement, but the charge was later dismissed by the State Attorney's Office. It wasn't until 2002, when another detective reviewed the case, that Calvin was charged with second degree murder. The trial took place in June, 2006.

At trial, the state put together a time line from various witnesses' accounts showing that the shooting took place within a thirty-minute period. Law enforcement testimony was that there was "just no way" that Calvin could have done everything he claimed to have done within thirty minutes. He could not have run home, obtained his car, picked up his daughter,

picked up his mother, driven to the scene to collect Mosley, and driven to the hospital in thirty minutes.

The state engaged David Hall, an expert botanist, to review Mosley's clothing which had been bagged at the hospital, but not sent to a laboratory. The expert testified he found on her socks two seeds of red spiderling and two leafs fragments he could not identify. On Mosley's shorts, he found six leaf fragments and a single seed of beggar's tick. The expert further testified that if one finds any red spiderling or beggar's tick, one should expect to find a lot, because both are adapted to stick to clothing. And when conditions are wet, even more plant material is likely to stick. He opined that the amount of vegetation he found on Mosley's clothing, and the absence of debris visible in photographs of Mosley, was inconsistent with someone who walked almost a mile and spent time lying in bushes.

The medical examiner who performed the autopsy in 1992 was unavailable by the time the case went to trial in 2006. The current medical examiner, Dr. Cogswell, examined the autopsy report and photographs. He had conducted hundreds of gun shot wound autopsies and was comfortable in forming opinions based on such information. He testified that there was blackening around the cleaned neck wound seen in the autopsy photographs which was consistent with soot or charring and there were apparent flakes of gun powder on the skin. Cogswell said this meant that the shot to the neck was fired from within an inch away.

The defense retained Dr. Anderson, a former deputy chief medical examiner of Orlando, who reviewed the autopsy report, photographs, clothing, and microscopic sections

from Mosley's tissues. He testified that he found no evidence of soot or charring and that the bullet could have been fired anywhere from two to ten feet away.

On June 9, 2006, Calvin was convicted by a jury of murder in the second degree. At sentencing, defense counsel and the state argued whether Calvin could be enhanced as an habitual offender. This debate centered on whether the crime charged was a "life felony" or a "first degree felony punishable by life." Under Florida law, an habitual offender sentence cannot be imposed for a life felony, but can for a first degree felony punishable by life. The sentencing court concluded that the crime was a first degree felony punishable by life and sentenced Calvin as an habitual offender to life in prison.

Calvin appealed raising one issue -- that his motion for judgment for acquittal was improperly denied because the state failed to exclude every reasonable hypothesis of innocence. The appellate court affirmed *per curiam*. *Calvin v. State*, 969 So. 2d 1036 (Fla. 5th DCA 2007) [table]. Rehearing was denied December 10, 2007.

Calvin did not seek *certiorari* review by the U. S. Supreme Court. On February 11, 2008, he filed his first 3.850 motion before his 90 days to do so expired. His first post-conviction motion raised four grounds:

**Ground One:** Trial counsel was ineffective for not timely filing a motion for discharge because his rights to a speedy trial were violated.

**Ground Two:** Trial counsel was ineffective for failing to file a motion to dismiss because prosecution for the crime was barred by the Statute of limitations.

**Ground Three:** The sentencing court had no jurisdiction because the crime was barred by the Statute of limitations.

**Ground Four:**    The court lacked jurisdiction to impose sentence because his speedy trial rights were violated.

On April 7, 2008, the post-conviction court denied all four grounds without an evidentiary hearing. Calvin appealed, but the denial was affirmed by the appellate court *per curiam* on September 16, 2008. *Calvin v. State*, 992 So. 2d 270 (Fla. 5th DCA 2008) [table].

On June 8, 2008, Calvin filed a habeas petition with the appellate court asserting that his appellate counsel was ineffective for failing to raise the issue that his conviction for murder in the second degree was barred by the Statute of limitations. The petition was denied on April 3, 2009. A copy of that Order appears in the record as Exhibit Q.

On October 7, 2008, Calvin filed a motion to correct his sentence under Fla. R.Crim.P. 3.800. The motion was granted on March 23, 2009, correcting the record to show the conviction was for a first degree felony.

On September 18, 2009, Calvin filed a second motion for post-conviction relief. This motion was dismissed by the post-conviction court on October 2, 2009, as successive. Calvin appealed. The dismissal was affirmed. *Calvin v. State*, 32 So. 3d 636 (Fla. 5th DCA 2010) [table].

Calvin filed a third motion for post-conviction relief on October 20, 2009. The post-conviction court dismissed Calvin's third motion as successive on November 10, 2009. Calvin appealed. The dismissal was affirmed *per curiam* on February 8, 2011, and rehearing denied on March 22, 2011. *Calvin v. State*, 58 So. 3d 273 (Fla. 5th DCA 2011) [table].

Calvin delivered his federal petition for habeas relief to the prison officials on August 8, 2011. Calvin raises four grounds for relief.

**Ground One:** A constitutional fundamental error occurred because the case was based entirely on circumstantial evidence.

**Ground Two:** The conviction is barred by the Statute of limitations.

**Ground Three:** As raised in the second motion for post-conviction relief, trial counsel was ineffective for failing to inform Petitioner of the possibility of receiving an enhanced sentence as an habitual offender.

**Ground Four:** The trial court committed constitutional fundamental error when it sentenced Petitioner because its jurisdiction was barred by the Statute of limitations.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), effective as of April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2254(a). The Supreme Court has cautioned that § 2254 does not make federal courts "forums in which to relitigate state trials." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383, 77 L.Ed.2d 1090 (1983).

Where a state court initially considers the issues raised in the petition and enters a decision on the merits, Section 2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L.Ed.2d 9 (2001). A federal court may grant a § 2254 petition only if (1) the state decision was "contrary to, or involved an

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) the state decision was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See Price v. Vincent,* 538 U.S. 634, 638, 123 S. Ct. 1848, 155 L.Ed.2d 877 (2003); *Maharaj v. Sec'y for the Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).

The Eleventh Circuit Court of Appeals discussed the meaning of the "contrary to" and "unreasonable application" clauses in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

Section 2254 establishes a highly deferential standard for reviewing state court judgments. *Parker v. Sec'y for the Dep't of Corr.*, 331 F.3d 764, 768 (11th Cir. 2003). If a federal court concludes that a state court applied federal law incorrectly, it may grant habeas relief only if that application was "objectively unreasonable." *Id. See also Yarborough v. Gentry*, 540 U.S. 1, 124 S. Ct. 1, 4, 157 L.Ed.2d 1 (2003). Moreover, under Section 2254(e)(1), a state court's factual findings shall be presumed correct, and the habeas petitioner can rebut the presumption of correctness only by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable

*Strickland*, 466 U.S. at 687.

*Strickland* requires proof of both deficient performance and consequent prejudice. *Strickland*, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); *Sims*, 155 F.3d at 1305 ("When applying *Strickland*, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id*. at 690. *Strickland* requires that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Id*. at 690.

Petitioner must demonstrate that counsel's error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691-92. To meet this burden, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

## DISCUSSION

**Time Bar:**

Since the petition was filed after April 24, 1996, AEDPA's effective date, it is subject to AEDPA's time limitations found at 28 U.S.C. §2244:

> (d)(1) A 1-year time period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

claim is pending shall not be counted toward any period of limitation under this subsection.

Calvin's second and third motions for post-conviction relief were dismissed as successive. That means they were not properly filed under Florida's procedural rules as interpreted by its courts. A state's interpretation of its own procedural rules is purely a state matter and is not for this Court to review. Since they were not properly filed, these motions do not operate to toll the one year federal period within which to bring a habeas petition. *Alderman v. Zant*, 22 F. 3d 1541, 1549 (11th Cir. 1994).

Calvin filed his first 3.850 motion for post-conviction relief before the time for the direct review of his conviction ended. The tolling effect of his first motion for post-conviction relief ended on September 16, 2008, when its denial was affirmed by the appellate court. At that time, Calvin had pending a habeas petition with the appellate court asserting ineffective assistance of his appellate counsel. That habeas petition was denied on April 3, 2009. Therefore, the tolling effect of Calvin's collateral motions ended on April 3, 2009, and his one year federal limitations period began to run.[1] The one year period ended April 3, 2010. Calvin filed his habeas petition with this Court on August 8, 2011, more than one year too late. It is therefore time barred.

---

[1] The Court need not discuss whether the Motion to Correct his sentence tolled the one year period because that proceeding was concluded before April 3, 2009, the date his federal period began to run.

Since Calvin's petition is time barred, it must be dismissed. But even if it were not time barred, it would have failed on the merits. This Court will proceed to discuss the merits of his claims only to explain why they would have failed.

**Ground One:**    A constitutional fundamental error occurred because the case was based entirely on circumstantial evidence.

In support of ground one, Calvin argues:

> A Constitutional Fundamental Error occurred leading to a miscarriage of injustice (sic) when the trial court allowed the State to prosecute this case on its circumstantial evidence, knowing the 'Petitioner's' hands tested negative of gunpowder residue on the night less than an hour of the shooting, proving 'Petitioner' had not fired a firearm.

Petition (Dkt. #1), p. 17.

Calvin's claim in ground one appears to argue that the evidence presented was insufficient to convict him. Whether evidence is sufficient for conviction is a matter of state law. *Langford v. Day*, 110 F. 3d 1380 (9th Cir. 1996). The evidence must be so insufficient that it rises to the level of fundamental unfairness to warrant federal habeas review. Here, that is not the case.

First, the Court notes that Calvin admits that he went home prior to going to the hospital and, once he arrived at the hospital, some time elapsed before law enforcement arrived. Therefore, Calvin had sufficient opportunity to wash his hands at home and at the hospital. Second, the circumstantial evidence presented in the case was sufficient to make the charge a question for the jury. Thus, a conviction on the circumstantial evidence of this case does not rise to the level of fundamental unfairness.

Accordingly, this ground would have been denied on the merits had it not been time barred.

**<u>Ground Two:</u>** The conviction is barred by the Statute of limitations.

In support of ground two, Calvin claims that the state Statute of limitations barred the charge of second degree murder. The interpretation and application of a state statute, here the Statute of limitations, is purely a matter of state law. A state's interpretation of its own laws is not a valid ground for federal habeas corpus relief since it does not involve a federal constitutional issue. *Davis v. Jones*, 506 F. 3d 1325, 1332 (11th Cir. 2007).

Calvin raised this issue at the state level and the state, interpreting its own law, determined that his charge was not barred by the applicable Florida statute of limitations. Accordingly, this ground would have failed on the merits.

**<u>Ground Three:</u>** As raised in the second motion for post-conviction relief, trial counsel was ineffective for failing to inform Petitioner of the possibility of receiving an enhanced sentence as an habitual offender.

In ground three, Calvin claims that his trial counsel was ineffective for failing to inform him of the possibility of being sentenced as an habitual offender if found guilty at trial. This ground was raised in his second motion for post-conviction relief which was dismissed by the state court as successive. That is, the state court determined that this claim was not properly raised before it. Therefore, this claim was unexhausted and would have been dismissed as procedurally defaulted even if it were not time barred. *Henderson v. Campbell*, 353 F. 3d 880, 891 (11th Cir. 2003).

**Ground Four:**   The trial court committed constitutional fundamental error when it sentenced Petitioner because its jurisdiction was barred by the Statute of limitations.

In ground four, Calvin claims the sentencing court was barred by Florida's Statute of limitations from sentencing him on the crime charged. This issue was discussed above under ground two. For those same reasons, this ground would have been denied on the merits.

## CONCLUSION

Calvin's petition to this Court for habeas relief is time barred and must be dismissed. Had it not been time barred, the claims would have failed either on their merits or as procedurally defaulted.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DISMISSED as time barred.

2. The Clerk is directed to terminate any pending motions, and close this file.

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists

would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on August 15, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2011\11-cv-462 Ocala deny 2254.wpd*